UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUMMER DAWN RYNNING, | CASE NO. 3:15-cv-5624-RJB |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT STRIKING "WRONG DEFENDANT" AFFIRMATIVE DEFENSE |
| W.J. BRADLEY MORTGAGE CAPITAL LLC, DBA W.J. BRADLEY, AND THE LEGACY GROUP, A DIVISION OF W.J. BRADLEY MORTGAGE CAPITAL, | |
| Defendant. | |

This matter comes before the court on Plaintiff's Motion for Partial Summary Judgment Striking "Wrong Defendant" Affirmative Defense (Dkt. 24) and Defendant's motion pursuant to Rule 56(d) found in the Response (Dkt.27). Oral argument has been requested, but is not necessary. The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

1    **I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

2    Plaintiff filed this lawsuit on July 28, 2015 alleging violations of the Washington Law

3    Against Discrimination, RCW 49.60, *et seq*., ("WLAD"). Dkt 1-1. In her Complaint, Plaintiff

4    alleges that she was an employee of Defendant in 2013; that she took leave due to pregnancy in

5    August of 2013; that she gave birth on September 20, 2013; and that Defendant terminated her

6    on September 23, 2013, in violation of the WLAD. *Id.*

7    On September 15, 2015, Defendant filed its Answer to Plaintiff's Complaint. Dkt. 12. In

8    the Answer, Defendant or Defendants assert affirmative defenses, including: "SECOND

9    AFFIRMATIVE DEFENSE (Wrong Defendant): Defendant is not the proper party with respect

10   to some or all of Plaintiff's claims." Dkt. 12, at 11.

11   On January 28, 2016, Plaintiff filed her Motion for Partial Summary Judgment, moving

12   for an order striking the "Wrong Defendant" defense, arguing that Defendant can point to no

13   evidence that it is the wrong defendant or that any non-party may be the correct defendant. Dkt.

14   24. Plaintiff expressed concern that Defendant would "point its finger at an 'empty chair' at

15   trial," (Dkt. 29, at 2) even though Defendant has shown no factual or evidentiary basis for any

16   contention that Legacy Group or any other entity might be liable to Plaintiff. Dkt. 24; Dkt. 29.

17   On February 9, 2016, Defendant agreed to withdraw the defense, and asked Plaintiff to

18   withdraw her Motion. Dkt. 27. Parties engaged in discussions regarding stipulations associated

19   with discovery and these proposed withdrawals, but were ultimately unable to agree. Dkt. 27;

20   Dkt. 29.

21   On February 12, 2016, Defendant filed Defendant's Opposition to Plaintiff's Motion for

22   Partial Summary Judgment. Dkt. 27. In the Opposition, Defendant argues that since it agreed to

23   withdraw the Wrong Defendant defense, Plaintiff's Motion should be denied as moot. Dkt. 27, at

24

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT STRIKING
"WRONG DEFENDANT" AFFIRMATIVE
DEFENSE- 2

6. Defendant asserts that it should not have to admit liability or disclaim that any person or entity could be liable to Plaintiff without further discovery. *Id* at 5. Defendant also moves for relief under Rule 56(d). *Id.* Defendant specifically mentions expert witness opinions, Plaintiff's medical records, Plaintiff's employment records, and deposition testimony as critical in determining damages attributable to Plaintiff's own acts or admissions, to her failure to mitigate, or to some yet unknown third party. *Id* at 4-6.

On February 19, 2016, Plaintiff filed Plaintiff's Reply in Support of Motion for Partial Summary Judgment. Dkt. 29.  In the Reply, Plaintiff argues that (1) Defendant has shown no genuine issue of material fact to preclude summary judgment on the Wrong Defendant defense and (2) Defendant has not articulated specific facts that would be revealed by further discovery, as required by FRCP 56(d). Dkt. 29.

This opinion will first consider Defendant's motion pursuant to Rule 56(d), then Plaintiff's Motion for Partial Summary Judgment.

## II.     DISCUSSION

### A.  RULE 56(d) STANDARD

Fed. R. Civ. P. 56 (d) provides that if the non-moving party shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  A party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT STRIKING
"WRONG DEFENDANT" AFFIRMATIVE
DEFENSE- 3

1      **B.  RULE 56(d) MOTION**

2          Defendant asserts that it has met the requirements under Rule 56(d) because it cannot

3      present facts essential to justify its opposition. Dkt. 27, at 4-5. Defendant argues that because this

4      case is still in the early stages of litigation and only limited discovery has taken place,

5      "Plaintiff's medical records and deposition testimony will be critical in determining whether

6      some other person or entity other than W.J. Bradley may be liable for her alleged damages …

7      Plaintiff's employment records and deposition testimony will also show the extent to which she

8      has attempted to properly mitigate her lost wages." *Id.* at 5-6.

9          In her Reply, Plaintiff argues that she "has already disclosed her OB/GYN medical

10     records for the time period during which the employment decisions at issue took place, and

11     offered that Defendant could take a limited deposition of Plaintiff nearly four months ago though

12     Defendant has not requested to depose her." Dkt. 29, at 5. Plaintiff asserts that under Rule 56(d),

13     Defendant "must at least be able to articulate some plausible explanation for what discovery may

14     uncover that could affect the outcome of the motion" (Dkt. 29, at 4 *citing Tatum* 441 F.3d. at

15     1100-01), and "Defendant has had several months to discovery whatever non-party might have

16     conceivably caused Plaintiff's damage, yet has found nothing and disclosed nothing." Dkt. 29, at

17     5.

18         Defendant's Rule 56(d) motion (Dkt. 27) should be denied. Defendant has failed to

19     "identify by affidavit the specific facts that further discovery would reveal, and explain why

20     those facts would preclude summary judgment." *Tatum*, 441 F.3d. at 1100.  Defendant has not

21     made a sufficient showing that the Court should "(1) defer considering the motion or deny it; (2)

22     allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

23     appropriate order" under Rule 56(d).

24

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT STRIKING
"WRONG DEFENDANT" AFFIRMATIVE
DEFENSE- 4

### C.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT STRIKING
"WRONG DEFENDANT" AFFIRMATIVE
DEFENSE- 5

1   Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

2   be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

3   **D.  MOTION FOR PARTIAL SUMMARY JUDGMENT**

4   In her Motion for Partial Summary Judgment, Plaintiff argues that Defendant

5   "has not identified a single fact, witness, or document" that would indicate that anyone other

6   than Defendant would be liable to Plaintiff in this case. Dkt. 24, at 7. Plaintiff contends that

7   without such an indication, there is no genuine issue of material fact regarding whether

8   Defendant is the "right defendant," so partial summary judgment should be granted on this issue.

9   Dkt. 29, at 1.

10   In its Opposition to Plaintiff's Motion, Defendant concedes that the Wrong Defendant

11   affirmative defense should be stricken, but expresses concerns regarding further discovery, the

12   impact that an order on this Motion might have on its other defenses, and the extent to which

13   Plaintiff seeks amendments to Defendant's discovery responses. Dkt. 27, at 6. Defendant argues

14   that because it conceded to withdrawing the Wrong Defendant defense, Plaintiff's Motion should

15   be denied as moot, and "to the extent Plaintiff asks this Court to require Defendant to amend its

16   discovery responses to accept liability for all of Plaintiff's alleged damages, deny that request

17   pursuant to FRCP 56(d)." *Id.*

18   In her Reply, Plaintiff argues, "Defendant does not cite to any evidence to show that there

19   is a genuine dispute as to a material fact that precludes judgment on the issues raised in

20   Plaintiff's motion." Dkt. 29, at 3. Plaintiff acknowledges that she has not moved for summary

21   judgment on Defendant's other affirmative defenses, such as Failure to Mitigate, and concedes

22   that the current motion would have no impact on those defenses. *Id.*

23

24

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT STRIKING
"WRONG DEFENDANT" AFFIRMATIVE
DEFENSE- 6

1    Plaintiff's Motion for Partial Summary Judgment Striking Wrong Defendant Affirmative

2  Defense should be granted. Defendant's Wrong Defendant affirmative defense was not actually

3  withdrawn before Plaintiff's Motion was ripe, so Plaintiff's Motion to strike that defense is not

4  moot.  Defendant now agrees to strike the defense. Further, Defendant makes no showing that

5  Plaintiff was not an employee of Defendant, that Plaintiff was not terminated by Defendant, or

6  that any other party was involved in Plaintiff's termination or other alleged harm. *See* Dkt. 25-

7  12; Dkt 27. Defendant is not required to amend its discovery responses "to accept liability for all

8  of Plaintiff's alleged damages" (Dkt.27, at 6), but it cannot assert that it is the "wrong defendant"

9  for Plaintiff's WLAD claims.

10                                    **III.    ORDER**

11    Therefore, it is hereby

12    **ORDERED** that:

13    • Defendant's Rule 56(d) Motion (Dkt. 27) **IS DENIED;**

14    • Plaintiff's Motion for Partial Summary Judgment (Dkt. 24) **IS GRANTED;** and

15    • Defendant's SECOND AFFIRMATIVE DEFENSE (Wrong Defendant) **IS**

16    **STRICKEN**.

17    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

18  to any party appearing pro se at said party's last known address.

19    Dated this 1st day of March, 2016.

20

21

22                          ROBERT J. BRYAN
                            United States District Judge

23

24

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT STRIKING
"WRONG DEFENDANT" AFFIRMATIVE
DEFENSE- 7